**UNITED STATES of America,**
**Appellee,**

v.

**Ramon WASHINGTON, Appellant.**

**No. 02–3050.**

United States Court of Appeals,
District of Columbia Circuit.

March 21, 2003.

Before GINSBURG, Chief Judge, and
SENTELLE and RANDOLPH, Circuit
Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and was argued by counsel. It is

ORDERED AND ADJUDGED that the sentence is vacated and the case is remanded to the District Court for resentencing for the reasons set forth in the attached memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

MEMORANDUM

Ramon Washington appeals from a judgment of the District Court sentencing him to 63 months of incarceration, a four year period of supervised release, and a special assessment of $200, following his conviction by a jury on a single count of drug possession. He was tried on two charges, the drug possession and a firearm possession for which he was acquitted. Washington was indicted on both charges after a police search of the bedroom he occupied in his aunt's apartment resulted in the discovery of a safe containing illegal drugs on a shelf in the closet, and next to the safe, a bag containing several firearms. Although Washington was not convicted of illegally possessing a firearm, at sentencing the district judge, considering facts under the preponderance of the evidence standard, concluded that Washington pos-

sessed a firearm for U.S.S.G. § 2D.1 purposes. *See United States v. Burke,* 888 F.2d 862, 869 (D.C.Cir.1989).

The presentence report fixed Washington's offense level at 26, which was increased by two levels to 28 for possession of a firearm under U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1) (2001). Because he had no prior criminal record, the recommended sentencing range was 78 to 97 months. Washington objected to the two level enhancement and requested a downward adjustment because he qualified for safety valve treatment, under U.S. SENTENCING GUIDELINES MANUAL § 5C1.2 (2001). The safety valve allows a sentencing court to impose a sentence without regard to the minimum set by the guidelines if five requirements are met, the second of which is that the defendant "did not use violence ... or possess a firearm ... in connection with the offense ...". § 5C1.2(a)(2). Both parties agreed that Washington met four out of the five criteria, but the government disputed the application of the safety valve, arguing that Washington had possessed a firearm in connection with the offense of conviction.

The District Court judge overruled Washington's objection to the enhancement for possession. He relied on application note 3 of the Sentencing Guidelines, which reads in pertinent part:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.

U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 application note 3 (2001).

The judge ruled that because the government had established that firearms were present and Washington had failed to prove by a preponderance of the evidence that it was clearly improbable those firearms were connected with the offense, the two level enhancement was warranted. The court then granted Washington's request for a downward adjustment under the safety valve. The judge concluded that the evidence had not established that Washington constructively possessed the firearms explaining that the proximity of the guns to the drugs was insufficient to establish dominion or control and no other evidence linked Washington to the guns, or indicated he had some stake or power over them. The judge reconciled the apparent contradiction in finding possession under § 2D1.1(b)(1), to support the enhancement, but not for purposes of § 5C1.2, the safety valve provision, by reasoning that the policy behind the safety valve requires a more stringent possession standard. The court then stated it would depart seven levels under the safety valve to level 21, with a sentence range of 37 to 46 months.

After further consultation with the probation officer, the district judge determined that § 2D1.1(b)(6) prevented him from granting a downward departure of more than two levels. Therefore, he applied an offense level of 26, with a range of 63–78 months. The court sentenced Washington to the minimum in the range, 63 months.

We vacate this sentence and remand the case to the District Court for resentencing, without specific instructions. A finding by the District Court that Washington "possessed" the firearm within the meaning of § 2D1.1(b)(1) was necessary to support the sentencing enhancement. Nothing in the record suggests that the District Court made this finding. Instead, the court simply found that the firearms were present and that, by a preponderance of the evidence, it was *not* "clearly improbable that the weapon was connected with the offense." Because this does not reflect the

correct legal standard for granting the enhancement, we remand the case for resentencing. 18 U.S.C. § 3742(f)(1) (2001); *United States v. McCoy,* 242 F.3d 399, 410 (D.C.Cir.2001).

However, we do not instruct the District Court that it may not grant the firearm enhancement. Because the District Court apparently applied a more stringent possession standard for the safety valve provision than it applied for the purpose of the enhancement—and the government did not appeal the safety valve ruling—the court's decision is consistent with a finding that Washington possessed the weapons for purposes of the enhancement but not the safety valve. We therefore remand the case for further proceedings in which the District Court can re-examine the issue of constructive possession and resentence Washington consistent with its ultimate findings on that issue.

*So ordered.*